UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RICHARD D. TALBOTT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SHERIFF OF JEFFERSON COUNTY, ) <br> INDIANA, ) <br> ) <br> Respondent. ) | No. 4:20-cv-00246-SEB-DML |

**Order Denying Petition for a Writ of Habeas Corpus**

Richard D. Talbott is in custody at the Jefferson County Jail awaiting trial in Indiana for attempted murder, criminal confinement, aggravated battery, domestic battery, and other charges. He has petitioned for a writ of habeas corpus, alleging that he has been denied his constitutional right to a speedy trial. But Mr. Talbott's actions are not those of a defendant who wants a speedy trial. He fired three attorneys, all shortly before a trial date. And when that well ran dry, he flooded the trial court with motions to dismiss, motions for discharge, motions for recusal, and motions for interlocutory appeals, all of which prevented a trial from happening.

Mr. Talbott has failed to show that he is being denied a speedy trial as guaranteed by the Sixth Amendment. His petition for writ of habeas corpus is therefore **denied**.

**I.     Background**

**A.     October 30, 2019 – March 12, 2020**

Mr. Talbott was arrested on October 30, 2019, and appeared for his initial hearing two days later. Dkt. 25-2 at 2 (Chronological Case Summary, *State v. Talbott*, 39C01-1910-F3-001289

1

(Jefferson Cty. Cir. Ct.)). Mr. Talbott demanded a speedy trial, so the court set an omnibus date[1] of January 3, 2020, and a trial date of January 7, 2020. *Id.* The Court appointed attorney Devon Sharpe, who entered an appearance shortly thereafter. *Id.* at 2−3. The state amended its information on December 2, adding an attempted murder charge, and again on December 6, adding an habitual felony offender enhancement. Dkt. 25-2 at 4−5.

By mid-December, Mr. Talbott was done with his first attorney. He complained to the court about Mr. Sharpe, who in turn moved to withdraw. Dkt. 21-3 (Talbott letter Dec. 7, 2019); dkt. 25-2 at 5 (noting motion to withdraw filed December 13, 2019). After warning Mr. Talbott about the implications for his state speedy trial right, the court granted Mr. Sharpe's motion to withdraw and appointed attorney James Spencer. Dkt. 25-2 at 5; *see also* dkt. 30 at 6 (Talbott reply) (asserting that the trial court told him he would have to represent himself if he wanted to proceed to trial on January 7 after counsel withdrew). The court also vacated the January 7 trial date and set the matter for a status hearing. Dkt. 25-2 at 5. When the court asked Mr. Spencer how much time he needed to prepare for trial, Mr. Spencer responded, "I want enough time to be effective." Dkt. 21-13 at 2. The court set a new trial date of May 11, 2020. Dkt. 25-2 at 6.

**B.     March 13, 2020 – October 9, 2020**

On March 13, 2020, the President declared a national emergency due to the 2019 novel coronavirus (Covid-19). A few days later, the Indiana Supreme Court issued the first of several orders allowing trial courts additional flexibility regarding time limits, including speedy trial

---

[1] Indiana law requires the trial court to set an omnibus date in a felony case for "no earlier than forty-five (45) days and no later than seventy-five (75) days after the completion of the initial hearing, unless the prosecuting attorney and the defendant agree to a different date." Ind. Code § 35-36-8-1(a)(2). The omnibus date is a benchmark for various case deadlines. *See*, *e.g.*, Ind. Code § 35-34-1-5(b)(1)(A) (allowing prosecutor to amend information "in matters of substance" up to 30 days before the omnibus date in felony cases).

limits. *In re Admin. Rule 17 Emergency Relief for Ind. Trial Courts Relating to the 2019 Novel Coronavirus*, No. 20S-CB-00123 (Ind. Mar. 16, 2020). The trial court reset Mr. Talbott's trial for July 14, 2020. Dkt. 25-2 at 8. Then it reset the trial date again to September 1, 2020. *Id.* at 8−9.

Meanwhile, Mr. Talbott was working on firing his second attorney. He petitioned the court in June 2020 for appointment of new counsel, and counsel filed a motion to withdraw two weeks later. *Id.* at 9. The court held a Zoom hearing, granted the motion to withdraw, and appointed attorney Nicholas Karaffa on July 6, 2020. *Id.*

At a hearing later that month, Mr. Karaffa requested a trial continuance. *Id.* at 10. The court reset the trial for October 20, 2020. *Id.* Less than three weeks before trial, with the October 20 date still set, Mr. Talbott complained to the court about Mr. Karaffa at a pre-trial hearing. *Id.* at 11. Mr. Karaffa moved to withdraw a few days later. *Id.* The court granted the motion to withdraw and allowed Mr. Talbott to proceed *pro se*. Dkt. 21-9.

### C. October 20, 2020 – October 4, 2021

For about three weeks after firing his third lawyer, Mr. Talbott sent the prosecutor's office numerous *pro se* discovery requests. *See* dkt. 25-2 at 12−14. But in early November he filed a "motion to dismiss counts," which turned out to be the start of a months-long detour away from trial. *Id.* at 14. Over the next month, Mr. Talbott filed a dozen motions, plus a handful of supplements, briefs, objections, and letters to the court.[2] *Id.* at 14−17.

---

[2] The motions were titled as follows: "Motion to Dismiss Counts"; "Motion to Reconsider February 5, 2020, Order Allowing State to Amend Charging Information"; "Petition to Amend Motion to Reconsider"; "Motion for Discharge Pursuant to Ind. Crim. Rule 4(b)"; "Motion to Suppress"; "Motion to Amend IC: 35-34-1-4 Motion to Dismiss Counts 1, 2 and 3 of Information"; "Motion to Compel"; "Motion to Be Released on Own Recognizance"; "Motion to Amend November 9th Motion for Discharge Pursuant to Indiana Rules of Criminal Procedure by Interlineation"; "Motion for Hearing"; "Motion for Hearing on Attorney Misconduct"; and "Second Amended *pro se* Motion for Discharge Pursuant to Rule 4(b) of the Indiana Rules of Criminal Procedure." Dkt. 25-2 at 14−17.

3

After a hearing, the trial court denied Mr. Talbott's motions for discharge. *Id.* at 20. Mr. Talbott then filed a motion to certify an interlocutory appeal. *Id.* The trial court certified Mr. Talbott's interlocutory appeal, stayed proceedings, and appointed appellate counsel. *Id.* at 21. On March 12, 2021, the Indiana Court of Appeals declined to exercise jurisdiction over the interlocutory appeal. Dkt. 21-12 at 2 (Chronological Case Summary, *Talbott v. State*, 21A-CR-00268 (Ind. Ct. App.)).

Back in the trial court, Mr. Talbott wasted no time pursuing more motions to dismiss. Dkt. 25-2 at 23 ("Motion to Dismiss Charging Information Pursuant [to] Indiana Code Section 34-34-1-4(9)"; "Amended Brief in Support of Motion to Dismiss All Counts"; "Petition to Present 'Sworn Allegation of Facts' Concerning March 18, 2021, Motion to Dismiss Charges"; "Motion to Amend Motion to Dismiss by Replacement"; "Motion to Include Additional Ground for Relief in March 18, 2021, Motion to Dismiss Charging Information"; "Motion for Discharge, for Delay."). But before the court could rule on the motions, Mr. Talbott sought to have a special judge appointed to decide them. *Id.* at 25; *see* Ind. Tr. R. 53.1(A), (E). So, on April 28, 2021, the trial court stayed proceedings and sent Mr. Talbott's requests to the Indiana Office of Judicial Administration. Dkt. 25-2 at 25−26. On June 3, 2021, the trial court received notice that Mr. Talbott's motions would not be withdrawn from the trial judge. *Id.* at 27. On June 11, the court set a trial date of September 28, 2021. *Id.* at 28.

But Mr. Talbott's motions have not stopped. On July 20, 2021, the trial court denied Mr. Talbott's motion for discharge. *Id.* at 33−34. Two days later, Mr. Talbott filed a motion to reconsider. *Id.* at 36. On August 19, 2021, he moved for the trial judge's recusal. Dkt. 38 at 5−19; *see id.* at 20−32 (supplement to the motion for recusal); *id.* at 48−60 (second supplement to the motion for recusal). When that was denied, he again sought an interlocutory appeal.

## II. Discussion

The Sixth Amendment guarantees a defendant "the right to a speedy and public trial."[3] This is one of the few rights for which a person in state custody may obtain habeas corpus relief before conviction. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973). Mr. Talbott properly challenges his custody pursuant to 28 U.S.C. § 2241(c)(3), so the Court considers his speedy trial claim *de novo*. *Cole v. Beck*, 765 F. App'x 137, 138 (7th Cir. 2019).

The outcome depends on four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see O'Quinn v. Spiller*, 806 F.3d 974, 977−79 (7th Cir. 2015) (applying *Barker*'s four-factor test). The Court will address each factor separately before weighing them together.

### A. Length of the Delay

This factor serves two roles in the Court's analysis: "First, [it] operates as a trigger—a delay longer than one year triggers the full *Barker* analysis. Second, [it] is an independent factor—the longer the delay, the more the presumption of prejudice against the defendant intensifies." *O'Quinn*, 806 F.3d at 977. Starting with Mr. Talbott's October 30, 2019 arrest, and ending with the current trial date of October 4, 2021, there will be almost two years of delay for Mr. Talbott's trial. *See Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015) ("The speedy trial right attaches when a defendant is indicted, arrested, or otherwise officially accused." (cleaned up)). That is enough to trigger the full *Barker* analysis. *Id.*

---

[3] Mr. Talbott argues that the State has violated Indiana Rule of Criminal Procedure 4(b) by failing to prosecute him within 70 days after he demanded an early trial. Dkt. 1 at 7. But "a mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011). And the state speedy trial rules offer protections that are "separate and distinct" from the Sixth Amendment right. *Logan v. State*, 16 N.E.3d 953, 958 (Ind. 2014) (finding no Rule 4 violation but vacating conviction based on Sixth Amendment speedy trial claim). Put simply, this Court will not consider whether Mr. Talbott is entitled to discharge under Indiana Criminal Rule 4.

### B. Reasons for the Delay

Delays can either be attributed to the defendant or to the State. *United States v. Hills*, 618 F.3d 619, 630 (7th Cir. 2010). When the State deliberately delays prosecution, to hamper the defense, it obviously weighs heavily against the State. *O'Quinn*, 806 F.3d at 977. Even delays with facially neutral causes—like a pandemic or, more commonly, court scheduling issues—are attributable to the State. *Hills*, 618 F.3d at 630. These are just weighed less heavily. *Id.*; *O'Quinn*, 806 F.3d at 977−78. And delays caused by the defendant or defense counsel do not weigh against the State at all. *Hills*, 618 F.3d at 630; *O'Quinn*, 806 F.3d at 978.

The Court considers numerous periods of delay and attributes responsibility for each of them.

The State is responsible for the delay from November 1, 2019, when the information was filed, to December 16, 2019, when Mr. Talbott dismissed his counsel for the first time.

Mr. Talbott is responsible for the delay from December 16, 2019, through May 11, 2020, due to the change of attorneys and Mr. Spencer's request for "enough time to be effective." Dkt. 21-13 at 2; dkt. 25-2 at 6. It does not matter whether Mr. Talbott personally agreed to the continuance. By firing his attorney a few weeks before trial, Mr. Talbott forced the trial court's hand.

The State is responsible for the delay from May 11 to September 1, 2020, when jury trials were put on hold for Covid-19. This is a neutral cause for the delay that is nonetheless attributed to the State.

Mr. Talbott is responsible for the delay from September 1 to October 20, 2020, based on Mr. Karaffa's request for continuance.

The State is responsible for delay from October 20 to November 9, 2020, due to court congestion. Dkt. 25-2 at 12. This is a neutral cause for delay.

The State is responsible for the period from March 12 to March 18, 2021. But other than those six days, Mr. Talbott is responsible for the delay from November 9, 2020, to June 11, 2021. Throughout this entire time, Mr. Talbott was pressing at least one of his many motions for discharge, dismissal, or release, so the case could not proceed to trial. The trial court did not unreasonably delay the resolution of Mr. Talbott's motions. He just filed that many of them.

The State is responsible for the delay from June 11 to October 4, 2021. In reality, the trial court could not have held a trial on June 12, and Mr. Talbott has continued to delay proceedings with his motion practice. But the trial court set trial for October 4, and the State did not push for an earlier date.

This table summarizes the parties' respective responsibility for each period of delay:

| Cause | Start date | End date | Lapsed days | Attributed to |
|---|---|---|---|---|
| Initial litigation | 11/1/2019 | 12/16/2019 | 45 | State |
| Firing first counsel; new counsel preparation | 12/16/2019 | 5/11/2020 | 146 | Talbott |
| Covid-19 restrictions | 5/11/2020 | 9/1/2020 | 113 | State |
| Counsel's request for continuance | 9/1/2020 | 10/20/2020 | 49 | Talbott |
| Docket congestion | 10/20/2020 | 11/9/2020 | 20 | State |
| Motions to dismiss and interlocutory appeal | 11/9/2020 | 3/12/2021 | 123 | Talbott |
| Brief respite | 3/12/2021 | 3/18/2021 | 6 | State |
| More motions to dismiss | 3/18/2021 | 6/11/2021 | 85 | Talbott |
| Trial court's motion | 6/11/2021 | 10/4/2021 | 115 | State |

The total time attributed to the State is 299 days, including 113 days for Covid-19 restrictions. The total time attributed to Mr. Talbott is 404 days.

### C.     Mr. Talbott's Assertion of the Right

Mr. Talbott asserted his right to a speedy trial.

### D.     Prejudice

In the speedy trial analysis, "prejudice is not limited to effects on a defendant's trial strategy"—though that is the kind of prejudice that matters most. *O'Quinn*, 806 F.3d at 978. A long pretrial delay is inherently prejudicial. *Barker*, 407 U.S. at 532−33.

Mr. Talbott says he was prejudiced because his daughter died in November 2020. According to Mr. Talbott, his daughter witnessed the alleged victim physically abuse Mr. Talbott sometime before the date of Mr. Talbott's alleged crime. Dkt. 30 at 26 (Talbott reply). He offers no evidence of this assertion or any further details about what his daughter saw. *Id.*

Mr. Talbott also says his daughter possessed video evidence that would exonerate him. According to Mr. Talbott, he installed a camera in the alleged victim's bedroom that recorded the events from the night of the alleged crimes. Dkt. 30-1 at 7. After those events, the alleged victim and her family retrieved a laptop computer and the cameras from the alleged victim's home while Mr. Talbott slept there. Dkt. 30 at 33−34. But they failed to delete the video, and somehow—Mr. Talbott does not explain how—his daughter "managed to regain custody of the lap top computer and the video disc" before she died.[4] *Id.* at 27. He does not say what has happened to the laptop since.

---

[4] Mr. Talbott began representing himself in October 2020, while his daughter was alive and allegedly possessed the video evidence. Nevertheless, there is no indication that Mr. Talbott submitted this evidence to the trial court with any of his motions to dismiss—or even notified the trial court that he had access to such evidence.

8

Finally, Mr. Talbott says another witness, the alleged victim's son, Chris Hazelgrove, has become unavailable to testify due to his conviction for child solicitation. Dkt. 30 at 31 ("Talbott cannot now put a convicted sex offender on the stand."). Mr. Talbott asserts that Mr. Hazelgrove "was a character witness," but he offers no further detail about how Mr. Hazelgrove would testify. *Id.*

### E.  Weighing the *Barker* Factors

The decisive factor in this case is the reason for delay—as is true in many cases. *See Hills*, 618 F.3d at 630 ("[T]he reason for the delay is generally the focal inquiry."); *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986) ("The flag all litigants seek to capture is the second factor, the reason for delay."). Indeed, the Court views all the other factors through the lens of this factor.

The first factor, the length of delay, looks much shorter when the delays attributable to Mr. Talbott are excluded. Only 299 days of delay, or about 10 months, are attributable to the State.

The same goes for the third factor. Mr. Talbott requested a speedy trial, but that request "must be viewed in light of his litigation conduct, including his substantial (often repetitive) motion practice." *Cole*, 765 F. App'x at 139. The speedy trial request is viewed in light of Mr. Talbott's complaints about all three of his attorneys, which forced the trial court to balance Mr. Talbott's speedy trial rights against his right to the effective assistance of counsel.

The fourth factor, too, is implicated. Mr. Talbott argues that he was prejudiced by the death of his daughter, an alleged witness and keeper of evidence. But she died in November 2020, and up to that point, less than six months of delay were attributable to the State—and most of that due to Covid-19 restrictions—with the other six months attributed to Mr. Talbott. If Mr. Talbott's unverified statements about his daughter's testimony and her possession of video evidence are true, then it is Mr. Talbott, not the State, who has prejudiced his defense.

Weighing the factors together, Mr. Talbott has not shown a violation of his Sixth Amendment speedy trial right. His petition for writ of habeas corpus is therefore **denied**.

### III. Mr. Talbott's Motions

Mr. Talbott filed numerous motions in this Court in August and September 2021. His motion requesting status of case, dkt. [24], and motion to expedite proceedings, dkt. [33], are **granted** to the extent that the Court now resolves his petition for writ of habeas corpus.

Mr. Talbott's motion to correct respondent's statement of facts, dkt. [25], motion to supplement the record, dkt. [31], motion to submit delays attributable to the petitioner, dkt. [34], motion to present supplemental evidence, dkt. [36], and motion to supplement the petition for writ of habeas corpus, dkt. [40], are **granted** to the extent that the Court reviewed and considered those filings and their attachments in adjudicating Mr. Talbott's petition.

Mr. Talbott's motion for hearing, dkt. [39], is **denied**. An evidentiary hearing is appropriate where disputed issues of fact might affect the outcome of the petition and "the state trier of fact did not afford the habeas applicant a full and fair fact hearing." *Townsend v. Sain*, 83 S. Ct. 745, 313 (1963); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992) ("[T]he State must afford the petitioner a full and fair hearing on his federal claim."). Mr. Talbott was afforded a hearing on his Sixth Amendment speedy trial claims in state court. *See* dkt. 25-2 at 19 (noting hearing on December 18, 2020). While the hearing apparently consisted only of argument, *id.* ("Parties present argument on CR4/speedy trial motion."), Mr. Talbott does not assert that the trial court prevented him from presenting evidence. Regardless, even accepting Mr. Talbott's allegations as true, he is not entitled to habeas corpus relief.

## IV. Conclusion

Mr. Talbott's petition for writ of habeas corpus is **denied**. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 9/24/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD D. TALBOTT
JEFFERSON COUNTY JAIL
Jefferson County Jail
317 South Walnut Street
Madison, IN 47250

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov